### BROAD-STREET NAT. BANK v. SINCLAIR.

(*City Court of New York, General Term.* October 15, 1891.)

EXAMINATION OF DEFENDANT BEFORE TRIAL—SURPRISE.

　　The court has no power to order the examination of defendant before trial for the mere purpose, as expressed in plaintiff's affidavit, of preventing surprise on the trial, and of dispensing with the necessity to procure witnesses to prove facts that defendant may admit on examination.

Appeal from special term.

Action by the Broad-Street National Bank of Trenton, New Jersey, against Margaret Sinclair. Defendant appeals from the denial of her motion to vacate an order for her examination before trial.

Argued before EHRLICH, C. J., and NEWBURGHER, J.

*David Leventritt*, for appellant. *Lee & Lee*, for respondent.

NEWBURGHER, J. This is an appeal from an order denying a motion to vacate an order for the examination of defendant before trial. This action is brought upon a certain draft drawn by James F. Brook on Sinclair & Co., and accepted by them. The defendant answered, denying that she accepted said draft. It appears from the affidavit of the managing clerk of plaintiff's attorney that the object of the examination of defendant is—*First*, to prevent surprise upon the trial; *second*, to dispense with the necessity of procuring witnesses to prove facts which may be admitted by said defendant upon examination. I know of no law or practice that permits such an examination. The authorities cited by respondent are cases in which it appeared from the papers that the examination was necessary in order to prove plaintiff's case. In this case, however, it appears from the papers that not only is the plaintiff prepared to try the case, but names a number of witnesses he proposes to call to sustain his case. The object of an examination before trial is not to prevent surprises, but to assist a plaintiff to obtain facts which he cannot learn from other sources which are accessible to him. The order must be reversed, with costs.